# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case Nos. 5D2025-1149
5D2025-1766
5D2025-1892
LT Case No. 2021-CA-000202

_____

ANNA PUETT,

Appellant,

v.

FLORIDA ORANGES, LLC d/b/a
HOWEY MANSION, LLC d/b/a The
HOWEY MANSION, and BLUSH BY
BRANDEE GAAR, LLC,

Appellees.

_____

On appeal from the Circuit Court for Lake County,
Michael G. Takac, Judge.

David Luck, of Morgan & Morgan, Miami, and Alexander M.
Clem, of Morgan & Morgan, Orlando, for Appellant.

Mark D. Tinker and Brandon J. Tyler, of Cole, Scott & Kissane,
P.A., Tampa, for Appellees, Florida Oranges, LLC, and Howey
Mansion, LLC.

Elizabeth A. Myers, of Smith Bigman Brock, P.A., Daytona
Beach, for Appellee, Blush By Brandee Gaar, LLC.

August 7, 2026

PER CURIAM.

This consolidated appeal involves Case Nos. 5D2025-1149, 5D2025-1766, and 5D2025-1892, all of which arose from the same premises liability claim. The trial court granted summary judgment for Howey Mansion, LLC, ("Howey Mansion"), and Blush by Brandee Gaar, LLC, ("Blush"). But it denied Howey Mansion's request for attorney's fees and costs.

We affirm all the trial court's rulings, save one. Specifically, we affirm the summary judgments for Howey Mansion and Blush. We also affirm the denial of Howey Mansion's motion for attorney's fees. But we reverse the denial of Howey Mansion's motion for costs under section 57.041, Florida Statutes.

As to the summary judgments, the trial judge correctly entered the judgments because the evidence was "so one-sided" that Howey Mansion and Blush were entitled to "prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, the trial court rightly denied Howey Mansion's motion for attorney's fees under its joint proposal of settlement with Florida Oranges because only one of the joint offerors obtained a judgment and because the joint proposal required Puett to settle with both offerors.

However, we reverse the trial court's denial of costs to Howey Mansion. Section 57.041(1) provides that the "party recovering judgment *shall recover* all his or her legal costs and charges." (emphasis added). The statutory language is "unambiguous." *Hendry Tractor Co. v. Fernandez*, 432 So. 2d 1315, 1316 (Fla. 1983). Meaning, the statute "demands that the *party recovering judgment* be awarded costs." *Id.* Howey Mansion recovered judgment. It's entitled to lawful costs. *See Porath v. Nugent*, 408 So. 3d 783, 784 (Fla. 4th DCA 2025) ("Where costs are sought based on section 57.041(1), a trial court has no discretion to deny the party obtaining judgment its lawful costs." (quoting *Roberts v. Third Palm, LLC*, 300 So. 3d 1216, 1217 (Fla. 4th DCA 2020))).

AFFIRMED in part; and REVERSED in part; and REMANDED.

JAY, C.J., and EDWARDS and HARRIS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____